
LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiffs

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CHIAKI OSHIMO, YUKI OSHIMO and TAKAHIDE OSHIMO by and through their Guardian Ad Litem SHINJI OSHIKO, and SHINJI OSHIMO in his individual capacity,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>CITY HILL COMPANY GUAM, LTD. dba TARZA WATERPARK and CHUNG KUO INSURANCE COMPANY, LTD.,<br><br>　　　　　　Defendants. | CIVIL CASE NO. CIV 11-00005<br><br><br>COMPLAINT |

### INTRODUCTION

1. This is an action for personal injury and loss of consortium brought by plaintiffs for the injuries sustained by plaintiff Chiaki Oshimo as a result of an accident inside the Master Blaster water slide at the Tarza Magical Adventure Zone Guam caused by the negligence of defendant City Hill Company Guam, Ltd. in the operation and maintenance of its premises.

### JURISDICTION

2. This court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332.

**COMPLAINT**
**Oshimo v. City Hill Company Guam, Ltd., et. al.**
Page 2

**PARTIES**

3. Plaintiffs Chiaki Oshimo and Shinji Oshimo are adult individuals, wife and husband and are citizens of Japan. Plaintiff Chiaki Oshimo is incompetent and plaintiff Shinji Oshimo has been appointed as Guardian Ad Litem for the purpose of pursuing this action in an Order issued by the Superior Court of Guam in Special Proceeding No. SP0018-11 on February 8, 2011.

4. Plaintiff Yuki Oshimo is a minor and a citizen of Japan. Plaintiff Shinji Oshimo has been appointed as Yuki Oshimo's Guardian Ad Litem for purposes of pursuing this action in an Order issued by the Superior Court of Guam in Juvenile Special Proceeding Case No. JP0044-11 on February 8, 2011.

5. Plaintiff Takahide Oshimo is a minor and a citizen of Japan. Plaintiff Shinji Oshimo has been appointed as Takahide Oshimo's Guardian Ad Litem for purposes of pursuing this action in an Order issued by the Superior Court of Guam in Juvenile Special Proceeding Case No. JP0044-11 on February 8, 2011.

6. On information and belief, defendant City Hill Company Guam, Ltd. is a Guam corporation duly licensed to do business on Guam and is doing business as Tarza Magical Adventure Zone Guam (hereinafter "Tarza").

7. Defendant Chung Kuo Insurance Company, Ltd. (hereinafter "Chung Kuo") is an insurance company licensed to do business on Guam.

**FACTS**

8. At all relevant times herein, the defendant City Hill Company Guam, Ltd. owned, operated and maintained the premises of Tarza in Tumon, Guam.

9. On August 31, 2010, plaintiff Chiaki Oshimo entered Tarza as an invitee or patron. While riding in an inflated inner tube inside the Master Blaster water slide, plaintiff Chiaki Oshimo became stuck. Seeing Chiaki Oshimo stuck inside the Water Blaster, plaintiff's husband, Shinji Oshimo went into the water slide to help her. As he did, another patron collided with plaintiff Chiaki Oshimo's inner tube and caused it to lurch forward. Thereafter, plaintiff Chiaki Oshimo's inner tube collided with her husband who fell on top of her causing her serious injuries.

10. Defendant Tarza had a duty to exercise due care in the operation and maintenance of its water slides and premises and in the supervision of its lifeguards so as not to expose its patrons to an unreasonable risk of harm. At the time and place set forth above, defendant Tarza breached this duty in the following ways:

COMPLAINT
Oshimo v. City Hill Company Guam, Ltd., et. al.
Page 4

    a. There was insufficient water pressure in the master blaster water slide so that patrons became stuck inside the slide;

    b. Defendant knew or in the exercise of reasonable care should have known that the slides were not or were inadequately monitored by lifeguards;

    c. Defendant did not properly instruct patrons on the proper and safe use of the ride;

    d. Defendant did not take adequate measures to space their patrons during their participation in the water slides by controlling intervals between them; and

    e. Defendant did not take adequate measures to supervise and monitor its patrons.

11. Defendant Tarza knew, or in the exercise of reasonable care should have known, of the conditions described above.

12. As a direct and proximate result of the negligence of defendant Tarza as described above, at the time and place set forth

above plaintiff Chiaki Oshimo collided with other patrons while inside the Master Blaster water slide and was seriously injured.

### FIRST CLAIM - PERSONAL INJURY OF CHIAKI OSHIMO

13. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 12 of the Complaint herein.

14. As a direct and proximate result of the negligence of defendant Tarza, plaintiff Chiaki Oshimo suffered damages for her injuries including, but not limited to, quadriplegia, necessitating spinal decompression surgery, which has caused and will continue to cause severe pain and suffering, mental anxiety, inconvenience, permanent physical impairment and loss of enjoyment of life.

15. As a further direct and proximate result of the negligence of defendant Tarza, plaintiff Chiaki Oshimo has incurred and will continue to incur medical and incidental expenses in an amount to be proven at trial.

16. As a further direct and proximate result of the negligence of defendant Tarza, plaintiff Chiaki Oshimo has suffered and will continue to suffer replacement services loss.

17. As a further direct and proximate result of the negligence of defendant Tarza, plaintiff Chiaki Oshimo has permanently lost her capacity to earn income in an amount to be proven at trial.

### SECOND CLAIM - LOSS OF CONSORTIUM OF SHINJI OSHIMO

18. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 12 and 14 through 17 of the complaint herein.

19. As a direct and proximate result of the negligence of defendant Tarza and the resulting injuries to plaintiff Chiaki Oshimo, plaintiff Shinji Oshimo has been deprived and will continue to be deprived of the society, companionship, consortium and services usually provided by a spouse in good health and of unimpaired vigor and strength.

### THIRD CLAIM - LOSS OF PARENTAL CONSORTIUM OF YUKI OSHIMO

20. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 12 and 14 through 17 and 19 of the complaint herein.

21. As a direct and proximate result of the negligence of defendant Tarza and the resulting injuries to plaintiff Chiaki Oshimo, plaintiff Yuki Oshimo has been deprived and will continue

to be deprived of the society, companionship, consortium, guidance and services usually provided by a parent in good health and of unimpaired vigor and strength.

**FOURTH CLAIM - LOSS OF PARENTAL CONSORTIUM OF TAKAHIDE OSHIMO**

22. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 12 and 14 through 17, 19 and 21 of the complaint herein.

23. As a direct and proximate result of the negligence of defendant Tarza and the resulting injuries to plaintiff Chiaki Oshimo, plaintiff Takahide Oshimo has been deprived and will continue to be deprived of the society, companionship, consortium, guidance and services usually provided by a parent in good health and of unimpaired vigor and strength.

**FIFTH CLAIM - DEFENDANT CHUNG KUO COMPANY**

24. Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 13 and 15 through 17, 19, 21 and 23 of the Complaint herein.

25. At all relevant times herein, defendant Tarza was insured by

a liability insurance policy issued by defendant Chung Kuo covering liability for claims such as those set forth above. Said insurance policy was in full force and effect at all relevant times herein.

26. Pursuant to the coverage contained in said insurance policy, and pursuant to 22 GCA §18305, plaintiffs are entitled to maintain a direct action against defendant Chung Kuo upon the terms and limits of the policy and, accordingly, plaintiffs are entitled to recover against Chung Kuo in an amount equal to any judgment recovered against defendant Tarza up to applicable policy limits.

**WHEREFORE,** plaintiffs pray for relief as follows:

1. General damages of $50,000,000.00 for the personal injury of plaintiff Chiaki Oshimo;

2. Damages for past, present and future medical care of plaintiff Chiaki Oshimo in an amount to be proven at trial;

3. For lost income capacity of plaintiff Chiaki Oshimo in an amount to be proven at trial;

4. For loss of consortium of plaintiff Shinji Oshimo in an amount to be proven at trial;

5. For loss of consortium of plaintiff Yuki Oshimo in an amount to be proven at trial;

6. For loss of consortium of plaintiff Takahide Oshimo in an amount to be proven at trial;

7. Costs of suit; and

8. Such other relief as the Court may deem just and proper.

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Plaintiffs

DATE: 3/29/11    BY: _____
                     ROBERT L. KEOGH